# COMMONWEALTH OF VIRGINIA

2018 JUN 25  AM 10: 14





Served. Joyn signed for this on June 25.

## SUMMONS – CIVIL ACTION
RULE 3:5; VA. CODE § 8.01-2

NORFOLK

150 ST. PAUL'S BLVD, 7TH FLOOR, NORFOLK 23510
                                              ADDRESS

TO:

DEPT. OF ALCOHOL BEV. CONTROL, JEFF PAINTER

2901 HERMITAGE RD.

RICHMOND, VA 23220

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

MAY 11, 2018                SCHAEFER, GEORGE E.; III                                   Clerk
DATE

                    by   /S/ BRITTANY HOPPER
                                              DEPUTY CLERK

Instructions:

Hearing Official: _____

SERVED BY: H.S.I - 757.868.5833
JEFF PAINTER
DEPT OF ALCOHOL BEV CONT
433651-1

FORM CC-1400 MASTER 10/13

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

JEANETTE L. BAILEY,

        Plaintiff

v.                              Case No:

VIRGINIA DEPARTMENT
OF ALCOHOLIC BEVERAGE
CONTROL,

Serve: Jeff Painter, Chair
       2901 Hermitage Road
       Richmond, Virginia 23220

        Defendant

## COMPLAINT

COMES NOW the Plaintiff, Jeanette L. Bailey ("Plaintiff"), by counsel, and as and for her Complaint against the Defendant, Virginia Department of Alcoholic Beverage Control ("Defendant" or "ABC") states as follows:

### Parties

1. Plaintiff is a natural person and a resident of the Commonwealth of Virginia and has resided in the City of Chesapeake, Virginia at all relevant times.

2. ABC is an agency of the Commonwealth of Virginia charged with, *inter alia*, overseeing the distribution of alcohol in the Commonwealth and maintains a liquor store in at 2301 Colley Ave., Norfolk, Virginia 23517 (the "Store").

### Jurisdiction and Venue

3. This civil action arises under the laws of the United States, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d-7 and 2000e, *et seq.* This Court has concurrent jurisdiction over this matter under 42 U.S.C. § 2000e-5(f)(3); *see also Yellow Freight*

1

*Syst. v. Donnelly*, 494 U.S. 820 (1990). At all relevant times, Defendant has employed more than fifteen (15) persons.

4. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) because the Defendant conducts business within the City of Norfolk and the events complained of herein took place within the City of Norfolk.

## Exhaustion of Administrative Remedies

5. Prior to instituting this civil action, Plaintiff timely filed an administrative claim with the Norfolk office of the Equal Employment Opportunity Commission ("EEOC").

6. On or about February 6, 2018, the EEOC mailed a "right to sue" letter to Plaintiff after failing to resolve the Plaintiff's administrative claim, with Plaintiff receiving it approximately two or three days later. Plaintiff has filed the instant civil action within ninety (90) days of her receipt of notice authorizing her to file this civil action in federal or state court.

## Facts and Background

7. Plaintiff began employment with ABC as a Sales Associate at the Store on or about April 25, 2017.

8. At all relevant times, Melissa Parker ("Ms. Parker") was the Manager of the Store and had supervisory, hiring and firing power over Plaintiff, as vested in her by Defendant and was acting in the scope and course of her employment by ABC and as an employee, agent and servant of ABC.

9. During the course of her employment with ABC, a co-worker of Plaintiff's, Robert ("Robert"), would touch and/or make contact with Plaintiff in a sexually-suggestive manner.

2

10. In May of 2017, Robert touched Plaintiff on her lower back area above her belt and ran his fingers up the back of Plaintiff, to which Plaintiff verbally objected and, subsequently, reported to Ms. Parker.

11. Ms. Parker disregarded Plaintiff's complaint, stating, "oh, that's just Bob."

12. In June of 2017, Robert grabbed Plaintiff by her shoulders and rubbed against her as he passed behind her, when it was unnecessary to do so due to there being enough space for him to have passed by without touching Plaintiff. Plaintiff again verbally objected and complained to Ms. Parker.

13. A few days later, Ms. Parker told Plaintiff that she had spoken to Robert and that he would not touch her again.

14. Throughout Plaintiff's time at the Store, there was an atmosphere among managers and staff of inappropriate sexual comments, innuendoes, showing off of tattoos upon normally-clothed areas and similar conduct, with which Plaintiff was uncomfortable and about which Plaintiff would object and complain to Ms. Parker. In particular, Robert would comment on Plaintiff's appearance and stare at her.

15. In July of 2017, Plaintiff spoke to the ABC's human resources department and requested to be transferred to another store.

16. Plaintiff exercised her legal right to oppose harassment and/or a hostile work environment.

17. On or about July 15, 2017, Mr. Parker came up behind Plaintiff, leaned over and around her, and dropped a pen on the register at which Plaintiff was working. Robert did such unnecessarily and in an apparently calculated manner so as to come as close to Plaintiff as

possible without actually touching her. When Plaintiff complained about Robert violating her personal space, he replied by stating that "I'm trying not to touch you."

18. On or about July 20, 2017, Plaintiff was scheduled and came in to work at 9:30 a.m. The Store's opening time was 10:00 a.m. Plaintiff's responsibility from 9:30 to 10:00 was to prepare the front of the Store for opening.

19. On July 20, 2017, when Plaintiff arrived to work, the only other employees present were Robert and an assistant manager. Robert's duties were to work with the merchandise in the back or storage areas of the Store. Robert's shift on that date began at 9:15 a.m. The assistant manager had been scheduled to start work at 9:00 a.m.

20. When Plaintiff arrived for work on July 20, 2017, prior to the Store's opening, there were feces spread upon the carpets approaching the register as well as a bag filled with feces and tissue paper next to the register.

21. Upon information and belief, Robert was responsible for closing the Store the previous night.

22. Plaintiff complained to the assistant manager about the feces.

23. Later on the same day, Ms. Parker accosted Plaintiff and demanded that she pay the Store for a bottle of liquor allegedly overcharged to a customer approximately one month before. Ms. Parker made this demand despite the fact that the bottle in question had never left the Store and was still in inventory and that the overcharge, for a bottle that had never actually left the Store, had been refunded to the customer.

24. Plaintiff refused to pay for a bottle that had never left the Store and expressed to Ms. Parker that she felt she was being harassed and retaliated against and resigned her employment on the afternoon of July 20, 2017.

4

### Count I—Retaliation in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*

25. Plaintiff incorporates by reference the allegations of Paragraphs One through Twenty-Four as if set out in full herein.

26. Defendant discriminated against Plaintiff with regard to the terms and conditions of her employment, specifically, with regard to the terms and conditions of her employment and, ultimately, her constructive discharge, due to her engagement in protected activities including making complaints to her supervisor and/or human resources, regarding harassment and/or a hostile workplace based upon her gender (female) and/or religion (Baptist), or alternatively, what Plaintiff reasonably believed to be harassment and/or a hostile workplace, all of which Defendant knew of. Plaintiff's complaints were protected activities.

27. This retaliation against Plaintiff for engaging in protected activities constituted a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

28. The Defendant's conduct was motivated by malice, spite and ill will; was willful and wanton, and evinced conscious disregard for the rights of Plaintiff.

29. Defendant's acts of malice, spite, and ill will which evince a conscious disregard for the rights of Plaintiff include, but are not limited to: harassing and retaliating against her due to her engagement in protected activity, or allowing such harassment and retaliation, and constructively discharging her because of her engagement in protected activity.

30. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and continues to suffer economic and non-economic damages, including lost back pay, lost front pay, lost benefits and other wages, emotional distress and attorney's fees and costs.

5

WHEREFORE, the Plaintiff, Jeanette L. Bailey, by counsel, prays that this honorable Court grant her relief in the amount of $200,000.00, representing lost back pay, loss of front pay and compensatory damages, as well as pre- and post-judgment interest, attorney's fees and litigation costs and such other relief as deemed just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

JEANETTE L. BAILEY,

_____
Of Counsel

Steven B. Wiley (VSB No. 47531)
WILEY LAW OFFICES, PLLC
440 Monticello Ave., Suite 1817
Norfolk, Virginia 23510
(757) 955-8455
(757) 319-4089 facsimile
swiley@wileylawoffices.com